**UNITED STATES of America, Appellee,**

v.

**Wayland WHITE, Jr., Appellant.**

No. 9698.

United States Court of Appeals Fourth Circuit.

Argued March 1, 1965.

Decided April 5, 1965.

Gerald F. White, Elizabeth City, N. C. (Russell E. Twiford and Aydlett & White, Elizabeth City, N. C., on the brief) for appellant.

William H. Murdock, U. S. Atty. (H. Marshall Simpson, Asst. U. S. Atty., on the brief) for appellee.

Before SOBELOFF and BOREMAN, Circuit Judges, and BUTZNER, District Judge.

PER CURIAM:

Wayland White, Jr. was convicted of conspiracy to violate Internal Revenue laws pertaining to distilled spirits. He was first tried in April 1961. The trial court set aside the judgment and ordered a new trial. White was again tried and convicted in September 1961. The judgment was affirmed. United States v. White, 304 F.2d 158 (4th Cir. 1962). The sentence imposed was vacated upon a motion under 28 U.S.C. § 2255. This appeal is from White's third trial.

We find no merit in White's assertion that the trial court failed to comply with 18 U.S.C. § 3500 (Jencks act) The Government produced for inspection the statement made by its witness. No other notes or memorandum made by the witness were available to the United States Attorney. Inquiry made by him to the witness' supervisors at the direction of the District Court proved fruitless.

The record of the September 1961 trial showed that the notes used by the witness in preparing his statement were delivered to White's attorney who used them for cross-examination. White was furnished the transcript of the previous trial in which his attorney used the notes. No intention to suppress evidence was shown. Under these circumstances the Court was not required to strike the witness' testimony or grant a mistrial. Cf. Killian v. United States, 368 U.S. 231, 82 S.Ct. 302, 7 L.Ed.2d 256 (1961); United States v. Greco, 298 F.2d 247 (2nd Cir. 1962); cert. denied 369 U.S. 820, 82 S.Ct. 831, 7 L.Ed.2d 785 (1962).

At the Court's direction the Government furnished White the address of a paid informer. We find no error in the Court's refusal to require the Government to produce and offer the informer as a witness. The evidence does not disclose that the defendant was entrapped or that the informer participated in any undertaking to entrap the defendant. The basis is lacking for the application of the principles expressed in United States v. Ramsey, 220 F.Supp. 86 (E.D.Tenn. 1963), upon which the defendant relies.

White sought the appointment of counsel to represent him. The District Judge after hearing testimony found that White had adequate resources to provide his own counsel. White then sought leave to proceed in forma pauperis on appeal to this Court from the refusal of the District Judge to appoint counsel for him. Upon consideration of his petition and the Memorandum Opinion of the District Judge, this Court concluded that White has not shown himself to be a pauper or in need of the assistance of appointed counsel. White has shown no additional facts warranting a change in the conclusion previously reached by the District Court and by this Court.

The judgment is

Affirmed.