**UNITED STATES of America,**
**Appellee,**

v.

**Vincent PRINCIPE, Sr., Defendant,**
**Appellant.**

**No. 74–1043.**

United States Court of Appeals,
First Circuit.

Argued March 7, 1974.

Decided June 13, 1974.

Anthony E. Grilli, Providence, R. I., by appointment of the Court, with whom Paul J. DiMaio, Providence, R. I., was on brief, for appellant.

Lincoln C. Almond, U. S. Atty., with whom Constance L. Messore, Asst. U. S. Atty., Providence, R. I., was on brief, for appellee.

Before COFFIN, Chief Judge, Mc-ENTEE and CAMPBELL, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

Vincent Principe, Sr., appeals from conviction for possessing, concealing and knowingly transferring counterfeit notes. 18 U.S.C. §§ 472, 473.

Principe contends, first, that the court erred in admitting as evidence counterfeit money seized during an apartment

search. He says that the affidavit for the search warrant was insufficient, and that materials were seized at a location not specified in the warrant.

■ The affidavit was that of a special agent of the United States Secret Service.[1] Principe complains that it did not support a conclusion that the agent's informant was reliable or his information credible. Principe points to cases such as Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and Whiteley v. Warden, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971), which deal with bare conclusional statements based upon tips from unnamed informants who may have spoken without personal knowledge. The instant case is different. The informant was both named and was revealed as a participant in the crime. The informant's knowledge was obtained from recent personal observation. That Little was making a declaration against interest lends it further credence. United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed. 723 (1971). That the affidavit omitted details which would have strengthened it (such as that affiant had independently determined that the notes admitted to be counterfeit were in fact counterfeit) is not fatal. A search warrant is to be "tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation." United States v. Ventresca, 380 U.S. 102, 108, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965). The affidavit adequately supported a finding of probable cause. *See* United States v. Long, 449 F.2d 288 (8th Cir. 1971), cert.

denied, 405 U.S. 974, 92 S.Ct. 1191, 31 L.Ed.2d 247 (1972) ; United States ex rel. DiRienzo v. Yeager, 443 F.2d 228 (3d Cir. 1971).

■■ Principe argues that the warrant could not, in any event, support the seizure of evidence from a cabinet outside of the apartment. The warrant authorized search of the premises "known as a three-story, woodframe building, at 63 Princeton Avenue, Providence, Rhode Island, the second-floor apartment, in the southwest corner of said building". The cabinet was in the southwest corner of the building, three to six feet away from the entrance to the apartment, in a small hallway directly opposite the door that led into the apartment. The owner of the building testified that the cabinet went with the apartment, that the tenant had been told he could use it and had been provided with a key. We agree with Principe that authority to search is limited to places described in the warrant and not additional or different places. Keiningham v. United States, 109 U.S.App.D.C. 272, 287 F.2d 126 (1960) ; *cf.* United States v. Micheli, 487 F.2d 429, 432 (1st Cir. 1973). However, the officers could reasonably suppose, given the second floor layout and its proximity to the apartment, that the cabinet was appurtenant to the apartment, as in fact it was. *See* United States v. Lumia, 36 F.Supp. 552 (W.D. N.Y.1941) ; *cf.* United States v. Long, *supra*; Fine v. United States, 207 F.2d 324 (6th Cir. 1953), cert. denied, 346 U.S. 923, 74 S.Ct. 310, 98 L.Ed. 417 (1954).

■ Principe next contends that the court erred in denying a motion for

---

1. The affidavit states: "On March 6, 1973, Jeffrey W. I. Little was arrested in Providence, Rhode Island, by the Providence Police. On the morning of March 7, 1973, he was interviewed by the affiant and Jeffrey W. I. Little admitted the possession of counterfeit $5.00 Federal Reserve Notes. In a statement he informed me that he was approached on March 2, 1973, by Vincent Principe, Sr., of Providence, R. I., who requested his assistance in distributing counterfeit Federal Reserve Notes. As a result of this meeting, Jeffrey W. I. Little informed me that he accompanied Vincent Principe, Sr., on March 6, 1973, to the above-described apartment at 63 Princeton Avenue, Providence, R. I., where he observed the said Principe remove from a cardboard carton a plaid hangup bag containing a brown suitcase. Jeffrey W. I. Little then observed Vincent Principe, Sr., open the said suitcase which contained a large number of counterfeit $5.00, $10.00 and $20.00 Federal Reserve Notes."

mistrial after the government witness, Little, had made prejudicial hearsay statements before the jury. Counsel had earlier attacked Little's credibility by proving that prior to trial he had given statements to the defense denying having implicated Principe. On redirect, Little testified that these statements were made because he had been afraid. When the prosecutor asked why, Little responded:

> "Of what he might have done to me if I didn't go with him. From what I had heard he was supposed to be some big guy from the hill or something like that so I was afraid."

Principe then moved for a mistrial. The court denied the motion and instead instructed the jury:

> "It may stand, not for the truth of the matter contained in that statement, ladies and gentlemen of the jury, you don't accept it as such. There is nothing to indicate it's true but it's admissible for the purpose of showing a state of mind. A person's state of mind sometimes can be generated by information he received which may be entirely false and entirely wrong but it's a question of his state of mind and it's only for that purpose that you are to consider that statement."

The court's analysis and instruction were correct. *See* United States v. Sharpe, 452 F.2d 1117, 1120 (1st Cir. 1971). Little's credibility being a cardinal issue, his explanation of why he said what he did was relevant. Had the "guy from the hill" reference been caught in time, it could have been excluded in the court's discretion—not because it was hearsay but because the court might have thought its prejudicial effect to overshadow its probative value. *Cf.* Proposed Federal Rules of Evidence 403. But there was no objection to the question, the answer came without forewarning, and we find no abuse of discretion in the court's handling of the incident.

■ Reversible error is also claimed because of the government's tardiness in furnishing Jencks Act materials. Before the trial, Little had implicated Principe in a written statement; appellant does not contend that it was not timely produced. Little also, however, had made four other statements. Two reflected conversations with Principe's attorney: in these Little denied having implicated Principe. Two others, made after the interviews with Principe's attorney, reported to a government agent what Little had just told the attorney. At the end of Little's direct testimony defense counsel said, "If statements have been used I request at this time that defense be allowed to examine the statement that Mr. Little had given."[2] The government furnished Little's principal statement but did not disclose the two in which Little had reported back to the agent his conversations with Principe's counsel. On cross-examination the defense brought out what Little had told Principe's counsel. On redirect the government sought to introduce the withheld statements. Principe immediately protested. At the ensuing bench conference, the prosecutor said that she had not understood the defense to have requested all materials to which it might be entitled under the Jencks Act and doubted whether the two statements would have had to be produced after the direct examination of Little.[3] The court charitably termed

---

**2.** 18 U.S.C. § 3500(b) provides, in part: "After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified."

**3.** Apparently the government felt that because Principe's direct examination did not focus on his conversations with the defense, the statements were not relevant "to the subject matter as to which the witness has testified". Whenever the government is in doubt whether statements are required to be produced, it should deliver them to the judge for his inspection, 18 U.S.C. § 3500(c), rather than risk censure, a mistrial, or later reversal by withholding. United States v. Pacelli, 491 F.2d 1108, 1118 (2d Cir. 1974).

this narrow reading "purist" and ordered the prosecutor to give the statements to the defense forthwith, which she did. The court also offered defense counsel the option of resuming his cross-examination. Defense counsel stated: "Your Honor, I have no objection to [the prosecutor's] using either one of them." When the government offered the statements as full exhibits defense counsel stated: "I have no objection". No motion to strike Little's subsequent testimony was made, and the defense cross-examined the witness a second time. At the close of the government's case, Principe moved for mistrial on the ground that exculpatory evidence had been suppressed. The court denied the motion, stating correctly that Little's statements could not be characterized as exculpatory.

■ We disagree with the government's niggardly reading of the Jencks Act. The Act is to "further the fair and just administration of criminal justice." Campbell v. United States, 365 U.S. 85, 92, 81 S.Ct. 421, 425, 5 L.Ed.2d 428 (1961). It is not to be parsed like a tax statute; and the United States Attorney, whose responsibilities are not simply adversarial, has a duty to make frank and full disclosure or in doubtful situations to acquaint the court with the dilemma. Principe is wrong, however, insofar as he insists that under 18 U.S. C. § 3500(d) any failure to disclose, no matter how harmless or innocent, requires striking the witness' testimony or a mistrial. See, e. g., United States v. Perry, 153 U.S.App.D.C. 89, 471 F.2d 1057, 1062–1068 (1972); Erwing v. United States, 394 F.2d 829 (9th Cir. 1968); United States v. White, 344 F.2d 92 (4th Cir. 1965). A weighing of considerations is needed to determine the appropriate course. Cf. United States v. Bigos, 459 F.2d 639, 642 (1st Cir.), cert.

denied, 409 U.S. 847, 93 S.Ct. 53, 34 L. Ed.2d 88 (1972). Here the prosecutor represented, with some plausibility, that she had misunderstood the statutory requirement and the scope of the request. The district court was entitled to conclude that the government's conduct fell short of being so flagrant as to warrant a mistrial regardless of prejudice, and, further, that Principe was not materially prejudiced by the belated disclosure. See United States v. Sharpe, supra at 1119–1120. Principe knew of Little's true posture since Little had testified for the government at a pretrial suppression hearing. At cross-examination Little described making the disputed statements to the agent without eliciting any defense request for their production. After disclosure the court acted promptly to deny to the government any tactical advantage from withholding, and to permit full recross-examination. Cf. United States v. Calabrese, 421 F.2d 108 (6th Cir.), cert. denied, 397 U.S. 1021, 90 S.Ct. 1259, 25 L.Ed.2d 530 (1970).

■ Principe's final point is that the court committed plain error [4] when, in response to a question from the jury, it advised that money found on a man arrested along with Little contained no fingerprints. The fingerprint expert had testified that there were prints that did not match Principe or Little. The inaccuracy of the court's answer seems minor and harmless. The jury was not told that Principe's prints were on the notes. Principe contends that had the court given the proper answer the jury could have concluded that "if Mr. Little and the appellant had in fact handled those notes their fingerprints would have been on them." The identical conclusion could as well be drawn from the court's version.

Affirmed.

---

4. At oral argument Principe maintained that the plain error rule should not be applied because two of his three counsel were at lunch when the court responded to the jury, and the third lawyer was not a member of the federal bar and too inexperienced to object. The argument fails to explain why experienced counsel, having returned only a few minutes after the jury had been instructed, failed to object or to request that the jury be recalled and given a different answer.