**UNITED STATES of America, Appellee,**

v.

**Roland ASSELIN, Defendant, Appellant.**

**No. 84–2054.**

United States Court of Appeals,
First Circuit.

Argued Sept. 12, 1985.
Decided Oct. 25, 1985.

Stephen P. Nugent, Providence, R.I., for defendant, appellant.

James E. O'Neil, Asst. U.S. Atty., Providence, R.I., with whom Lincoln C. Almond, U.S. Atty., Providence, R.I., was on brief for appellee.

Before COFFIN, ALDRICH and TORRUELLA, Circuit Judges.

BAILEY ALDRICH, Senior Circuit Judge.

Defendant Asselin, who was amply shown to be the resident of a trailer home on Rowland Drive, West Greenwich, Rhode Island, was convicted on a one count indictment of possessing in excess of 12 ounces of a controlled substance, cocaine, with intent to distribute. 21 U.S.C. § 841(a)(1). On this appeal he challenges the sufficiency of probable cause to issue the warrant under which the cocaine and a large sum of money were seized, as well as asserting that the officers exceeded the warrant's scope. He further disputes the sufficiency of the evidence. We find no merit in any contention.

Briefly, a qualified attesting special agent stated that a local police officer, long known to the agent as reliable, had told him that an informant, well known to the officer as reliable, and "who has given information in the past which has led to several seizures of narcotics which resulted in convictions [and whose] information has never been found to be false," had told the officer that he had been inside defendant's trailer within the week and had seen a large amount of cocaine and a large amount of United States currency therein, and that defendant was a large scale cocaine dealer, who was selling cocaine at the kilogram level. The local police officer further informed the special agent that defendant had a reputation with the police of being a major dealer. Defendant asserts this was "totem pole hearsay."

So be it. There is no objection to hearsay, if the informant is shown to be reliable and there is a disclosed, reliable, basis for his information. *Aguilar v. Texas*, 378 U.S. 108, 114, 84 S.Ct. 1509, 1514, 12 L.Ed.2d 723 (1964); *Jones v. United States*, 362 U.S. 257, 269, 80 S.Ct. 725, 735, 4 L.Ed.2d 697 (1960). In fact, defendant admits in his brief that "[h]earsay will support a finding of probable cause" if the informant is found to be credible and the basis of his information reliable. In this case, the affidavit included sufficient information to support both of these findings. This included the fact that the informant had been providing information to the police department on a continuing basis, that the information had never been found to be false, and that it had led to several seizures of narcotics in the past. Further, the informant had demonstrated personal, first-hand knowledge of the defendant's activities in this case and the defendant was previously known to the police department as a major dealer. From these facts, the magistrate could find the informant reliable, and his account first hand and specific. On that basis, probable cause was clear. *Cf. Spinelli v. United States*, 393 U.S. 410, 416, 89 S.Ct. 584, 589, 21 L.Ed.2d 637 (1969).

As to scope, the warrant designated "the premises known as a single family trailer ... with attached carport occupied by Roland Asselin ... including a 1977 Ford LTD color silver located on said property ... [to search for] cocaine, U.S. currency and records...." The officers testified at the suppression hearing that they interpreted

"premises" as including the surroundings. They, accordingly, included in their search a disabled Cadillac, parked adjacent to the carport, and a birdhouse hanging from a tree about 15′ from the trailer steps. The birdhouse attracted their attention because the ingress had been blocked off, lock-outs being uncommon in aviary circles. $30,000 was found in the disabled car engine, and over a pound of cocaine in the birdhouse.

In denying the motion to suppress, the court stated that defendant was in a no-win position, the items being either within what lawyers term the curtilage, reasonably understood to be within the warrant, *United States v. Principe*, 499 F.2d 1135 (1st Cir.1974) (outside cabinet "appurtenant" to apartment is within the premises); *United States v. Napoli*, 530 F.2d 1198 (5th Cir.1976) (car parked in driveway included in "premises"); or in an open field, requiring no warrant. *Oliver v. United States*, 466 U.S. 170, 104 S.Ct. 1735, 1742, 80 L.Ed.2d 214 (1984). At the very least, the officers could be found to be acting in good faith. *Cf. United States v. Leon,* —— U.S. ——, 104 S.Ct. 3405, 3419–20, 82 L.Ed.2d 677 (1984). Having in mind defendant's burdens, both with respect to the magistrate, *Illinois v. Gates*, 462 U.S. 213, 236, 238–39, 103 S.Ct. 2317, 2331, 2332–33, 76 L.Ed.2d 527 (1983), and the officers, *United States v. Leon*, ante, the motion to suppress was correctly denied.

So was the motion to acquit. We have examined defendant's other objections, but find them of no significance.

Affirmed.