12 F.3d 1103
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Charles Edward JOHNSON, Jr., also known as John John, also
known as Larry Bailey, Appellant.
 No. 93-2433.
 United States Court of Appeals, Eighth Circuit.
 Submitted: November 17, 1992.
 Filed: December 2, 1993.
 
 Appeal from the United States District Court for the Western District of Missouri
 Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Charles Edward Johnson appeals from his 240-month sentence entered in the United States District Court[1] for the Western District of Missouri. For reversal, Johnson argues that the district court abused its discretion in denying him a thirty-day continuance of his sentencing hearing to enable him to complete his attempts to provide substantial assistance to the government, and that his sentence[2] was excessive. For the reasons discussed below, we affirm.
 
 
 2
 Pursuant to a plea agreement, Johnson agreed to plead guilty to one count of conspiracy to distribute more than 50 grams of cocaine base ("crack"), in violation of 21 U.S.C. Sec. 841(a)(1) and (b)(1)(A), and the government agreed to seek dismissal of one count of aiding and abetting. The plea agreement also provided, in part, that Johnson would give "complete cooperation in the investigation and prosecution of other persons who have committed" federal offenses; that if Johnson provided "substantial assistance," the government would request the court to reduce his sentence under 28 U.S.C. Sec. 994(n), 18 U.S.C. Sec. 3553(e), and U.S.S.G. Sec. 5K1.1; and that Johnson was subject to a mandatory minimum sentence of twenty years. Johnson pleaded guilty on February 1, 1993.
 
 
 3
 At the sentencing hearing on May 10, 1993, Johnson moved to continue the hearing because he had not had an adequate opportunity to cooperate with the government, and he requested an additional thirty days to provide assistance. Johnson testified, in part, that he was unable to set up some buys because no one was "in pocket" and that during the entire month of April there was a "drought" of drugs in Kansas City. He also stated that he made several unsuccessful attempts to meet with the detectives, but they did not have time to meet with him. Johnson argued the government would not be prejudiced by a thirty-day delay.
 
 
 4
 The government argued that the thirty-day delay would be futile because it was Johnson who had dragged his feet, he had not provided anything of benefit to the government, he did not provide names of persons in whom the police were interested, and he had only one lower-level dealer he was willing to work against. The district court denied the continuance, finding that the government was not interested in working with Johnson anymore because he had not supplied any useful information. The district court then sentenced Johnson, as a prior offender, to the mandatory minimum 240 months.
 
 
 5
 On appeal, Johnson argues that the district court abused its discretion in denying his motion for a continuance in light of the government's failure to cooperate with him, and that his sentence-which was excessive and disproportionate to his codefendants' 90-month and 120-month sentences-violated the Eighth Amendment.
 
 
 6
 This court will not overturn a trial court's denial of a continuance unless the trial court has clearly abused its discretion; continuances should be granted only for compelling reasons. United States v. Weisman, 858 F.2d 389, 391 (8th Cir. 1988), cert. denied, 489 U.S. 1071 (1989). Although thirty days was a minimal time to continue the sentencing hearing and the government would not have been prejudiced, the district court did not abuse its discretion in denying a continuance. The government asserted the additional time would be futile, Johnson had had approximately 100 days to provide substantial assistance and had not done so, and he did not have connections with higher-level drug dealers. Thus, Johnson's reasons for a continuance were not compelling. See United States v. Ware, 890 F.2d 1008, 1010 (8th Cir. 1989).
 
 
 7
 Johnson's Eighth Amendment argument also fails. After Harmelin v. Michigan, 111 S. Ct. 2680 (1991), we narrowly review a sentence to determine whether it is grossly disproportionate to the offense. Neal v. Grammer, 975 F.2d 463, 465 (8th Cir. 1992). The fact that Johnson's coconspirators received lower sentences is not dispositive. See United States v. Granados, 962 F.2d 767, 774 (8th Cir. 1992). Johnson's sentence was not impermissibly disparate or excessive, in view of his prior drug conviction, the mandatory minimum sentence, and one codefendant's assistance to the government. See id. at 775; United States v. Gordon, 953 F.2d 1106, 1106-07 (8th Cir.), cert. denied, 113 S. Ct. 170 (1992).
 
 
 8
 Accordingly, we affirm the conviction and sentence.
 
 
 
 [1]
 The Honorable Dean Whipple, United States District Judge for the Western District of Missouri
 
 
 [2]
 In addition to the 240-month term of imprisonment, the district court sentenced Johnson to ten years of supervised release and imposed a special assessment of $50