## STATE v. NORBERT M. NOVAK.

142 N. W. (2d) 252.

April 7, 1966—No. 39,885.

*Alan G. Greenberg,* for appellant.

*Robert W. Mattson,* Attorney General, *George M. Scott,* County Attorney, and *Theodore R. Rix,* Assistant County Attorney, for respondent.

FRANK T. GALLAGHER, C.

Defendant appeals from an order of the district court denying a motion to vacate a judgment of conviction or for a new trial.

Defendant was arrested on July 6, 1964, on the charge of burglary. On July 9, 1964, he was arraigned upon an information charging him with the crime of burglary, the relevant part of which stated that he —

"* * * did * * * feloniously and burglariously enter that certain building [the Country Gourmet House, a restaurant] * * * with intent to commit a crime therein, to-wit: Theft in said building, to feloniously take, steal and carry away from said building * * * the chattels and personal property [therein] * * *."

The applicable statute, Minn. St. 609.58, subd. 2(3), (L. 1963, c. 753, § 609.58, subd. 2[3]) contains the following relevant provisions:

"Whoever enters a building without the consent of the person in lawful possession, with intent to commit a crime therein, commits burglary and may be sentenced as follows:

* * * * *

"(3) In any other case, to imprisonment for not more than five years or to payment of a fine of not more than $5,000, or both, if the intent is to steal or commit a felony or gross misdemeanor or to imprisonment for not more than one year or to payment of a fine of not more than $1,000, or both, if the intent is to commit a misdemeanor."

On July 13, 1964, defendant appeared again before the court and plead not guilty to the offense charged, and the matter was marked for trial. The case came before the court for trial on the next day, at which time defendant was represented by the assistant public defender. According to a memorandum accompanying the order appealed from, at a pretrial conference the prosecutor revealed to defendant's counsel the existence of certain statements of witnesses whom the state proposed to call. Defendant's counsel asked for time to inform defendant of these statements. He came back with the information that defendant wished to withdraw his plea of not guilty and enter a plea of guilty. When the change of plea had been requested, defendant was questioned as follows by his own counsel:

"Q. Now, Mr. Novak, I have discussed with you and you have discussed with me, have you not, the subject of this charge?

"A. Yes.

"Q. Burglary?

"A. Yes.

"Q. We have discussed together the elements necessary in order to establish and prove this crime, have we?

"A. Yes, we have.

"Q. And you understand, do you, Mr. Novak, that you have and had an absolute right to persist in your plea of not guilty to this crime?

"A. Yes.

"Q. And do you understand that had you persisted in your plea of not guilty, you would have had a right to have a jury trial?

"A. Yes.

"Q. And do you also understand that in that trial under our law you would have been presumed innocent until such time as the State proved your guilt beyond a reasonable doubt?

"A. Yes.

"Q. Understanding that, it's still your wish, is it, to withdraw your plea of not guilty and enter this plea of guilty?

"A. Yes.

"Q. Do you understand that by pleading guilty to this crime, the Court could sentence you up to five years in prison?

"A. Yes.

"Q. Now, have any threats or promises been made to you by myself or anyone to induce you to enter this plea of guilty?

"A. None whatsoever.

"Q. This is a plea of your own free will, is it?

"A. Yes, it is.

"Q. And are you satisfied that you have had enough time to discuss this matter and the elements of this crime with me?

"A. Yes.

\* \* \* \* \*

"Q. And you went into the restaurant with the intention to do what, to steal —

"A. Yes.

"Q. — money or property belonging to this restaurant, is that right?

"A. Yes."

Following this examination, the plea of guilty was accepted by the court. Thereafter, following a presentence investigation, defendant was sentenced for not to exceed 5 years' imprisonment in the State Prison at Stillwater.

Defendant contends that the trial court erred in denying his motion and in accepting a plea of guilty to an information which did not specifically state the amount which defendant was alleged to have intended to steal. He raises the following legal questions: (1) Can the misdemeanor burglary provision in Minn. St. 609.58, subd. 2(3), apply to cases where the unlawful entry is with intent to steal; (2) is the information defective because it does not charge whether or not the property defendant allegedly intended to steal was worth more than $100; and (3) does the evidence in the case support a finding that the defendant was denied his right to counsel?

1. *Applicability of misdemeanor burglary provision.* The trial judge concluded that the misdemeanor burglary provision in § 609.58, subd. 2(3), was *not* applicable when the information alleged an intent to steal. He conceded that § 609.52, subd. 3(4), provides that with certain exceptions theft is a misdemeanor when the value of the property taken is $100 or less. Nevertheless, it was his opinion that this distinction was not applicable here because the statute treats intent to steal as a category of crime expressly excluded from the residual category of crimes arising from an intent to commit a misdemeanor. The court stated:

"* * * Undoubtedly most burglars enter a building with intent to steal whatever is of value that can be carried away. It would be unusual if the intent would be to take only property of less than a certain value. In most cases it would be impossible for the State to establish intent in the manner contended for by defendant."

That, in the judge's opinion, is the reason why the statute does not recognize that an intent to steal property worth $100 or less should give rise to a lesser included burglary offense for punishment purposes.

Defendant argues that § 609.58, subd. 2(3), expressly provides a lesser penalty of not more than 1 year's imprisonment or a fine of $1,000, or both, if the intent of a burglar upon entering is to commit a misdemeanor rather than a felony. He concedes that the same paragraph provides that "if the intent is to steal," the penalty is 5 years' imprisonment or a fine of $5,000, or both, but argues that this provision must be read in light of § 609.52, subd. 3(4), which makes it a misdemeanor to steal property of a value of $100 or less. Defendant contends, therefore, that where the intent of the accused is determined as theft, the value of the property he intended to steal becomes relevant. Defendant, in other words, reasons that in drawing a distinction for punishment purposes between the more serious crime of felony burglary and the less serious crime of misdemeanor burglary, depending on the burglar's intent, the legislature intended that this distinction would apply to all crimes, including theft.

We cannot agree with defendant's conclusion. Apart from the fact that the language of the burglary statute, § 609.58, treats the intent to steal as a category separate and distinct from an intent to commit a misdemeanor, the legislative history of the statute makes it absolutely clear that the legislation proposed by the Advisory Committee on Revision of the Criminal Law recognized the distinction urged by defendant in the case of theft and that that distinction was rejected outright by the legislature. The words "steal or" were expressly added to make the legislative intent clear on that matter. This history is confirmed by Professor Maynard E. Pirsig, reporter for the committee, in an addendum to the committee comment with respect to § 609.58, subd. 2(3), appearing in 40 M. S. A. p. 535:

"During legislative consideration, the words 'steal or' were added to clauses (1), (c), and (3) of subdivision 2. The section as originally proposed required an intent to commit a felony. As applied to an intent to steal, this required an intent to steal more than $100 or property of the kind described in the theft section, § 609.52, subdivision 3, clause (3). While the gravity of burglary obviously depends on the intent with which the defendant entered, it was felt, nevertheless, that requiring

proof of an intent to steal over a specified amount of property or certain kind of property placed an unjustifiable burden on the state."

We therefore hold that under § 609.58, subd. 2(3), unlawful entry with intent to steal may never, regardless of the value of the property the burglar intended to steal, be treated as a misdemeanor burglary for punishment purposes. The maximum penalty will always be 5 years' imprisonment or a fine of $5,000, or both, notwithstanding the fact that theft of property may be treated as a misdemeanor pursuant to § 609.52, subd. 3(4), when the property stolen is worth $100 or less.

2. *Failure to allege value of property.* This issue is moot in light of the above holding.

3. *Denial of right to counsel.* Defendant contends that he was coerced by his court-appointed counsel to change his plea from not guilty to guilty and that there was insufficient consultation between him and his counsel prior to the hearing, all in violation of his right under Minn. Const. art. 1, § 6. We cannot agree with his contention in the light of the testimony elicited from him by his attorney before his plea of guilty was accepted by the court.

Affirmed.