STATE of Minnesota, Appellant,

v.

Terry J. THISIUS, Respondent.

No. 49042.

Supreme Court of Minnesota.

Aug. 11, 1978.

Rehearing Denied July 16, 1979.

Warren Spannaus, Atty. Gen., Gary Hansen, Spec. Asst. Atty. Gen., W. M. Gustafson, County Atty., St. Peter, for appellant.

John R. Wylde, Jr., St. Paul, for respondent.

PER CURIAM.

This is a pretrial appeal by the state, pursuant to Rule 29.03, subd. 1, Rules of Criminal Procedure, from an order of the district court suppressing evidence in a criminal prosecution. The issue is whether police officers executing a warrant to search a residence for particular items were required to obtain a second warrant before opening a small locked metal box which they found during the search and which they reasonably believed might contain one of the items described in the warrant. We hold that they were not required to obtain a second warrant before opening the box, and accordingly we reverse the suppression order and remand for trial.

The decisive issue in this case is the issue of the permissible intensity of a search pursuant to a warrant to search for particular items. The general rule is that "Although a search under a search warrant may extend to all parts of the premises described in the warrant, it does not follow that the executing officers may look everywhere within the described premises; they may look only where the items described in the warrant might be concealed." Kamisar, LaFave, Israel, Modern Criminal Procedure (4 ed.), p. 264. Recent Minnesota cases supporting this general rule include *State v. Swain*, Minn., 269 N.W.2d 707 (1978), and *State v. Mollberg*, 310 Minn. 376, 383, 246 N.W.2d 463, 468 (1976).

The ultimate test is one of reasonableness. Thus, § 220.3(5) of the American Law Institute, Model Code of Prearraignment Procedure (adopted 1975), provides as follows:

"The scope of search shall be only such as is authorized by the warrant and is *reasonably necessary* to discover the individuals or things specified therein * *." (Italics supplied.)

One has to look at the totality of the circumstances in a particular case to determine whether the conduct of the offi-

cers executing the search warrant was reasonable. In this case the officers, while executing the warrant to search the residence for specified items, lawfully came upon a locked metal box under circumstances which suggested to them that one of the items they were searching for might be in the box. The box was a cheap metal box with a built-in lock that was easily opened without a key. Photographs introduced as exhibits at the omnibus hearing reveal that it was the type of box one might buy in a store selling stationery supplies. It is clear that the box was of sufficient size and weight to indicate that it might contain the item. Shaking the box would not have enabled the officers to determine that it did not contain the item. Under the circumstances, we believe that the officers reasonably concluded that the box might contain the item and that they were justified in opening it.

We disagree with the district court's conclusion that the officers should have obtained a second warrant *specifically* authorizing the breaking of the lock. *United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977), cited by the district court as being relevant, is distinguishable. There the officers, when they arrested defendants as defendants got off a train, had probable cause to believe that a double-lock footlocker of the defendants contained drugs. The United States Supreme Court held that the police properly seized the locker but that under the circumstances it was improper to open the locker without first obtaining a warrant. Our case is distinguishable because here the officers already had a warrant to search for the specified items and the box was a place they reasonably believed might contain the items.

More in point is *United States v. Canestri*, 518 F.2d 269 (2 Cir. 1975). That case held that police executing a warrant to search a house for stolen weapons acted reasonably in breaking into a locked storage room which they reasonably believed might contain the weapons.

There may be cases in which, on balance, we might rule that specific authorization should have been obtained before doing damage to property in order to successfully execute a search warrant. However, the circumstances of this case do not justify such a ruling.

Reversed and remanded for trial.