**STATE of Minnesota, Respondent,**

v.

**Raymond H. DREYER, Appellant.**

**No. C3–82–1499.**

Supreme Court of Minnesota.

March 16, 1984.

curb for routine collection. Search of the garbage resulted in the discovery of marijuana residue, which in turn led to the issuance of a warrant to search the "premises" described as "110 South Western Avenue, a two-story white wood frame house with green trim." The issue of the validity of the garbage search is controlled by *State v. Oquist*, 327 N.W.2d 587 (Minn. 1982), where we held on similar facts that the police there did not violate the defendant's fourth amendment rights.

■ Defendant's remaining contention is that the police exceeded the scope of the subsequently-issued warrant in searching the garage attached to defendant's house, the garage being where the police found the marijuana. We hold that the garage was part of the "premises" described in the warrant. This holding is consistent with cases from other jurisdictions. The cases are collected at 2 W. LaFave, Search and Seizure § 4.10(a) (1978).

Affirmed.

Douglas W. Thomson, St. Paul, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, David Twa, Asst. County Atty., Mankato, for respondent.

KELLEY, Justice.

Defendant was found guilty in district court of possession of marijuana and possession of marijuana with intent to sell and was sentenced to pay a fine and to serve a prison sentence. Execution of the sentence was stayed, and defendant was placed on probation with conditions. We affirm.

■ Defendant raises a number of fourth amendment issues on appeal, some of them contingent on our deciding the issue of the validity of a so-called garbage search in defendant's favor. The garbage search was conducted without a warrant on February 25, 1982, and involved the search of garbage which had been placed on the