**STATE of Minnesota, Respondent,**

v.

**Liza Marie GOEBEL, Appellant.**

**No. C4–02–558.**

Court of Appeals of Minnesota.

Dec. 24, 2002.

Mike Hatch, Attorney General, St. Paul, MN; and Doug Johnson, Washington County Attorney, Kari A. Lindstrom, Assistant County Attorney, Stillwater, MN, for respondent.

Richard Sand, Richard Sand & Associates, P.A., St. Paul, MN, for appellant.

Considered and decided by HUDSON, Presiding Judge, PETERSON, Judge, and ANDERSON, Judge.

## OPINION

G. BARRY ANDERSON, Judge.

Partially based on evidence obtained in a search of appellant's trash, a warrant was issued for the search of appellant's home. A search of appellant's home produced sig-

nificant amounts of various drugs and other contraband. Appellant sought to have the warrant declared invalid as based on an illegal, warrantless search of her garbage and to have the fruits of the search suppressed. The district court denied appellant's motion to suppress. In a trial based on stipulated facts pursuant to *State v. Lothenbach*, 296 N.W.2d 854 (Minn. 1980), appellant was convicted of sale of a controlled substance—10 grams or more— in violation of Minn.Stat. § 152.021, subd.1(1) (1998). Appellant challenges the district court's denial of her motion to suppress. Because we hold that the search of appellant's garbage was legal, we affirm.

### FACTS

A confidential informant (CI) advised police officer Marv Stutz that appellant Liza Marie Goebel was a "heavy controlled substance user," and as a consequence, appellant's children may be in jeopardy. Stutz went to appellant's residence and obtained several trash bags that had been set out for collection on the street at the end of the driveway in front of the residence. Stutz took at least two bags to the police station and searched them. In one of the bags, Stutz discovered a spoon with a white powdery residue that ultimately tested positive for cocaine.

Based on the report of the CI and the evidence found in appellant's trash, a search warrant for her home was issued. The subsequent search revealed 29.6 grams of methamphetamine, cocaine, and currency in the amount of $36,908.67. After waiving her Miranda rights, appellant made incriminating statements regarding purchasing, breaking down, and selling drugs.

Appellant filed a motion seeking suppression of the evidence obtained pursuant to the search warrant. The district court denied appellant's motion. Following a bench trial on stipulated facts pursuant to *State v. Lothenbach*, 296 N.W.2d 854 (Minn.1980), appellant was convicted of sale of a controlled substance—10 grams or more—in violation of Minn.Stat. § 152.021, subd.1(1) (1998).

Respondent argues that the issue concerning the legality of the trash search was not properly raised before the district court and is raised for the first time on appeal.

### ISSUES

I. Did appellant adequately challenge the trash search before the district court, thereby properly preserving the issue for appeal?

II. Did the district court err in denying appellant's motion to dismiss evidence obtained through the warrantless search of her trash?

### ANALYSIS

I. Was the issue concerning the trash search properly raised before the district court?

Respondent asserts that appellant failed to raise the issue regarding the legality of the trash search before the district court, and thus, waived the issue on appeal. Issues raised for the first time on appeal will not typically be considered by the reviewing court. *In re Welfare of K.T.*, 327 N.W.2d 13, 16–17 (Minn.1982); *State v. Propotnik*, 355 N.W.2d 195, 199 (Minn.App.1984), *review denied* (Minn. Dec. 20, 1984).

[A] pretrial motion to suppress should specify, with as much particularity as is reasonable under the circumstances, the grounds advanced for suppression in order to give the state as much advance notice as possible as to

the contentions it must be prepared to meet at the hearing.

*State v. Needham*, 488 N.W.2d 294, 296 (Minn.1992) (citing 1 W. LaFave and J. Israel, *Criminal Procedure* § 10.1(b) (1984)).

■ Although appellant could have been more direct in raising the specific issue of the legality of the trash search, we conclude that the issue was sufficiently discussed to put the state on notice of the challenge. In the memorandum in support of her motion to suppress, appellant specifically states that the trash search was improper because the trash

> was not yet abandoned property because it was still on the defendant's real estate at the end of the driveway. [T]he officer has no right to come onto [appellant's] property and search through trash bags * * * without a warrant * * *. He was trespassing on her property.

In addition, at the omnibus hearing, appellant's counsel stated that appellant was challenging probable cause for the search warrant, which would include the trash search which clearly played a significant role in establishing probable cause.

At the omnibus hearing, respondent elicited testimony from the searching officer as to the specifics of the trash search. This indicates, at the very least, that respondent was aware of the issue. In addition, the district court, in its memorandum accompanying its order on the motion to suppress, specifically states that the trash search was valid because the trash had been "abandoned at the end of the driveway on the street." In light of all this, we cannot say that the issue was not raised before the district court. We hold that the issue concerning the validity of the warrantless search of appellant's trash was sufficiently raised and is properly before this court.

**II. Was the trash search legal?**

Appellant's only argument before this court is that the trash search was illegal. Thus, appellant claims, the search warrant issued based on evidence obtained through the search of appellant's trash was not valid and all evidence obtained as a result of the search should have been suppressed.

■ "When reviewing pretrial orders on motions to suppress evidence, we may independently review the facts and determine, as a matter of law, whether the district court erred in suppressing—or not suppressing—the evidence." *State v. Harris*, 590 N.W.2d 90, 98 (Minn.1999) (citing *State v. Othoudt*, 482 N.W.2d 218, 221 (Minn.1992)).

■ The Minnesota Supreme Court has recognized that "a householder may ordinarily have some expectation of privacy in the items he places in his garbage can." *State v. Oquist*, 327 N.W.2d 587, 591 (Minn.1982). However, when a police officer searches trash, set on the curb for routine pickup, without trespassing on the premises, no illegal search has occurred. *State v. Dreyer*, 345 N.W.2d 249, 250 (Minn.1984).

■ Stutz testified that the garbage searched was "out on the curb at the end of the driveway[.]" It is evident that the district court believed this testimony because the memorandum accompanying the order on the motion to suppress states that the "garbage was abandoned at the end of the driveway on the street." In light of this finding, the holding in *Dreyer* controls and is determinative here. Appellant's trash does not come under the protection of the Fourth Amendment or Minnesota's constitutional equivalent.

■ It is, as the United States Supreme Court points out, "common knowledge" that plastic garbage bags left on or beside a public street are vulnerable to any num-

ber of invasions, whether from animals or members of the public. *California v. Greenwood,* 486 U.S. 35, 40, 108 S.Ct. 1625, 1628–9, 100 L.Ed.2d 30 (1988) (citing *People v. Krivda,* 5 Cal.3d 357, 96 Cal.Rptr. 62, 486 P.2d 1262, 1269 (1971)). Therefore, the expectation of privacy in garbage adjacent to a public street is eroded.[1]

Appellant relies heavily on *State v. Oquist,* in which the Minnesota Supreme Court stated that Minnesota citizens do maintain an expectation of privacy in garbage on their property. 327 N.W.2d at 591. But the protection the *Oquist* court recognized extended to garbage on private property. *Id.* Subsequent Minnesota case law has established that garbage placed on the curb for collection does not fall within that protection. *Dreyer,* 345 N.W.2d at 250. Here, the district court found that the garbage was on the street. If garbage on the curb is not protected from warrantless search, it certainly cannot be said that garbage on the street is so protected.

## DECISION

Appellant adequately challenged the legality of the trash search before the district court, and the issue was properly presented on appeal. Because the search of appellant's trash was legal, the district court did not err for denying appellant's motion to suppress evidence obtained through the search of her trash.

**Affirmed.**

---

1.  Analysis of this issue through application of the curtilage test, as laid out in *State v. Krech,* 403 N.W.2d 634, 636–37 (Minn.1987), is not necessary in light of *Dreyer,* as applied to the particular facts of this case. 345 N.W.2d 249. It should be noted that recent cases applying the curtilage test, with fact patterns more favorable to a Fourth Amendment challenge than that here, have yielded results that would be unfavorable to this appellant. *See State v. Hanson,* No. C5–01–686, 2002 WL 109373 (Minn.App. Jan.29, 2002); *see also State v. Srnsky,* No. C5–01–381, 2001 WL 1262987 (Minn.App. Oct.23, 2001), *review denied* (Minn. Jan. 15, 2002); *see also State v. Larson,* No. C5–98–2409, 1999 WL 970319 (Minn.App. Oct.26, 1999).