**STATE of Minnesota, Respondent,**

v.

**Tara Renaye MOLNAU, Appellant.**

A16-0330

Supreme Court of Minnesota.

Filed: December 6, 2017

Lori Swanson, Attorney General, Saint Paul, Minnesota; and Michael Junge, McLeod County Attorney, Daniel R. Provencher, Assistant McLeod County Attorney, Glencoe, Minnesota, for respondent.

Cathryn Middlebrook, Chief Appellate Public Defender, Rochelle Winn, Assistant State Public Defender, Saint Paul, Minnesota; and Tara Reese Duginske, Special Assistant State Public Defender, Briggs and Morgan, P.A., Minneapolis, Minnesota, for appellant.

## OPINION

GILDEA, Chief Justice.

The question presented in this case is whether the police violated the Fourth Amendment when, during their execution of a warrant to search a home, they searched a purse that belonged to a guest at the home. The district court and court of appeals concluded that the search did not violate the Fourth Amendment. Because we conclude that the search was reasonable under the totality of the circumstances, we affirm.

## FACTS

In April 2015 law enforcement applied for a warrant to search the home of N.Z. because police believed N.Z. was selling methamphetamine out of his home. The warrant application sought permission to search the premises and N.Z. for drugs and evidence of drug trafficking. The warrant application also indicated that police believed that a woman, M.L.D., resided at the premises with N.Z., but the application did not provide any other information about M.L.D. or indicate that she was involved in drug trafficking. The district court issued a warrant authorizing the search of N.Z. and his home for methamphetamine, drug paraphernalia, and materials associated with drug trafficking.

When police arrived at N.Z.'s home to execute the warrant, they found appellant, Tara Molnau, sitting on a couch in the living room. Police searched the living room and found marijuana and marijuana paraphernalia. Police also searched the kitchen, where they found methamphetamine and "suspected hash oil." They also found a purse on the kitchen table. The purse contained 4.002 grams of methamphetamine and Molnau's identification card.

Respondent State of Minnesota charged Molnau with third-degree controlled-substance crime, Minn. Stat. § 152.023 (2014), for possessing methamphetamine. Before trial, Molnau moved to suppress the methamphetamine found in her purse. She argued that the search violated her Fourth Amendment right to be free from unreasonable searches, because as a visitor to N.Z.'s residence, the search of her purse was beyond the scope of the warrant. The district court denied Molnau's motion, concluding that irrespective of whether police knew the purse belonged to Molnau, "[t]he officers executing the search warrant could reasonably assume that the items listed in the search warrant could be concealed in a purse," and that because the purse was not in Molnau's possession, police could properly search it.

Molnau entered a plea of not guilty, waived her right to a jury trial and her other trial rights, and stipulated to the facts under Minn. R. Crim. P. 26.01, subd. 4. The parties agreed that the charge was based exclusively on the methamphetamine found in the purse. After a bench trial, the district court found Molnau guilty, stayed imposition of sentence, and placed Molnau on probation.

Molnau appealed the suppression issue, arguing that as a visitor not named in the warrant, she had a reasonable expectation of privacy in her belongings, including her purse, even if they were not in her possession when the warrant was executed. The court of appeals affirmed the denial of Molnau's motion to suppress. *State v. Molnau*, No. A16-0330, 2016 WL 7337090, at *4 (Minn. App. Dec. 19, 2016). We granted Molnau's petition for review.

## ANALYSIS

■ On appeal, Molnau argues that the district court erred in refusing to suppress the contents of her purse as the fruits of an unconstitutional search. When reviewing the denial of a pretrial motion to suppress evidence, we review the district court's factual findings for clear error and its legal conclusions de novo. *State v. Ortega*, 770 N.W.2d 145, 149 (Minn. 2009). The State bears the burden of proving that police obtained the challenged evidence in accord with the Constitution. *State ex rel. Rasmussen v. Tahash*, 272 Minn. 539, 141 N.W.2d 3, 13–14 (1965).

■ The Fourth Amendment to the United States Constitution guarantees that "[t]he right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches ... shall not be violated." U.S. Const. amend. IV.[1] In general, warrantless searches are unreasonable. *Riley v. California*, —— U.S. ——, 134 S.Ct. 2473, 2482, 189 L.Ed.2d 430 (2014). Here, police had a warrant to search N.Z. and his residence, but they did not have a warrant to search Molnau. Accordingly, we must decide whether the search of Molnau's purse, which was not in her possession when police found and searched it, was nevertheless reasonable

---

1. Molnau also relies on Minn. Const. art. I, § 10, but makes no argument that we should extend broader protections under Article I, Section 10 of Minnesota Constitution than those provided under the Fourth Amendment.

because it was within the scope of the warrant.

■■■ A search that exceeds the scope of a warrant is unconstitutional. *Horton v. California*, 496 U.S. 128, 140, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990). A warrant generally authorizes police to search all containers they reasonably believe could contain the items sought. *United States v. Ross*, 456 U.S. 798, 820–21, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). A warrant, however, does not authorize the police to search the body and outer clothing of persons who are not named in the warrant.[2] *See Ybarra v. Illinois*, 444 U.S. 85, 91, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979) (holding that a search warrant authorizing the search of a tavern and a bartender did not authorize police to search customers at the tavern when the warrant was executed); *see also State v. Wynne*, 552 N.W.2d 218, 220 (Minn. 1996) (recognizing that a purse carried by a person is protected from search under a premises warrant because it is an extension of the person).

In this case, the purse was not in Molnau's possession when police searched it, so the search did not involve a search of Molnau herself. *See Wynne*, 552 N.W.2d at 220. But the search of her purse could still violate the Fourth Amendment if it was beyond the scope of the warrant. The State argues that the search of Molnau's purse was within the scope of the warrant because the purse was not in her possession and it was capable of hiding the narcotics for which police were authorized to search. For her part, Molnau argues that the warrant did not authorize the search of her purse because she was a mere guest at N.Z.'s home and her relationship with the home was too attenuated for her belongings to be searched under the warrant.

■■■ We have examined whether a search exceeds the scope of a warrant using a totality-of-the-circumstances analysis. *See State v. Thisius*, 281 N.W.2d 645, 645–46 (Minn. 1978). The parties ask us to depart from that method of analysis in favor of tests that give dispositive weight to single factors.[3] We decline this invitation because "the touchstone of the Fourth Amendment is reasonableness." *In re Welfare of M.L.M.*, 813 N.W.2d 26, 31 (2012) (citation omitted) (internal quotation marks omitted). The determination of what is reasonable in a given situation is necessarily a fact-intensive inquiry best evaluated by considering all of the circumstances. Accordingly, we conclude that the totality-of-the-circumstances analysis remains the

---

**2.** The State does not argue that the warrant was an "all persons" warrant, which would authorize police to search all people found at the premises subject to the warrant. *See State v. Hinkel*, 365 N.W.2d 774, 776 (Minn. 1985) (discussing "all persons" warrants).

**3.** The parties have identified three tests that courts have used to determine when a search of a guest's belongings exceeds the scope of a premises search warrant: (1) the physical possession test, *see State v. Reid*, 190 Or.App. 49, 77 P.3d 1134, 1140 (2003) (applying the physical possession test); (2) the relationship test, *see United States v. Micheli*, 487 F.2d 429, 431-32 (1st Cir. 1973) (applying the relationship test); and (3) the actual notice test, *see State v. Nabarro*, 55 Haw. 583, 525 P.2d 573,

576-77 (1974) (applying the actual notice test). They ask us to adopt one of these tests. For the reasons stated above, we decline to do so.

The State further argues that the Supreme Court effectively rejected any test except the physical possession test in *Wyoming v. Houghton*, 526 U.S. 295, 307, 119 S.Ct. 1297, 143 L.Ed.2d 408 (1999). *Houghton* examined the scope of a warrantless automobile search. *Id.* at 300–03, 119 S.Ct. 1297. In a car, both drivers and passengers have a reduced expectation of privacy. *Id.* This case does not involve the automobile exception, and we therefore conclude that *Houghton* does not require us to abandon the totality-of-the-circumstances approach.

appropriate framework for assessing whether the search of a guest's belongings is unreasonable because it is beyond the scope of a premises warrant.

Examining all of the circumstances here, we conclude that the search of Molnau's purse was reasonable. Several facts are important to our analysis. First, the warrant application suggests that police believed that a woman, M.L.D., lived at the home with N.Z., and the parties acknowledge that a purse is an item typically associated with women. Second, at the time of the search, the police did not know to whom the purse belonged. Third, police did not find the purse in anyone's possession; it was found unattended in a different room than where police found Molnau. Finally, it was reasonable for police to believe that they could find the drugs and contraband for which they were searching in the purse.

We emphasize that all of the facts and circumstances should be considered in determining whether the search of a guest's belongings falls within the scope of a premises warrant. Taken together, the facts here show that the search of Molnau's purse was reasonable, and therefore the search did not violate Molnau's Fourth Amendment rights. Because the search was reasonable, we hold that the district court did not err in denying Molnau's motion to suppress.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the court of appeals.

Affirmed.