REYES, Judge
Appellant challenges her convictions of fifth-degree possession of a controlled substance, arguing that the district court erred in denying her motion to suppress drug evidence found in her purse during a search incident to her arrest. We affirm.
FACTS
On May 20, 2015, at approximately 1:30 p.m., a store investigator at a grocery store observed appellant Traci Rankin Bradley pick up two food items from the deli area, carry them to a shopping aisle, place them in her purse, and exit the store without paying for the items. The investigator followed appellant outside, displayed his security badge, and told appellant that she needed to return to the store. Appellant refused. The investigator attempted to take appellant into custody, but appellant resisted. During the ensuing scuffle, appellant attempted to discard the items on the sidewalk and tried to hand her purse to a friend who had accompanied her to the store. The investigator took appellant's purse, stating that it was evidence of the crime, and, with the assistance of the store manager, handcuffed appellant and escorted her to the manager's office inside of the store along with her purse. The investigator seated appellant in a chair and placed her purse on top of the manager's desk. The manager then called the police.
At 1:58 p.m., two police officers responded to the shoplifting call. Dispatch informed the officers that appellant also had outstanding warrants. One officer proceeded to the manager's office and spoke to the investigator and appellant. That officer arrested appellant and then searched her purse. The officer discovered suspected narcotics within a zipped compartment of appellant's purse, consisting of a baggie containing a white, powdery substance and a container with several pills. The Bureau of Criminal Apprehension later determined that the baggie contained 0.932 grams of methadone and identified the assorted pills as hydromorphone, oxycodone, and lorazepam.
Appellant was charged with two counts of fifth-degree controlled-substance crime, *369 in violation of Minn. Stat. § 152.025, subds. 2(a)(1), 2(b)(2) (2014), and one count of misdemeanor theft, in violation of Minn. Stat. § 609.52, subds. 2(a)(1), 3(5) (2014). Appellant filed a motion to suppress the evidence found in her purse as the fruit of an unlawful search, which the district court denied. Appellant waived her right to a jury trial and agreed to a court trial to preserve for appellate review the pretrial suppression ruling. See Minn. R. Crim. P. 26.01, subd. 4. The district court found her guilty of all counts, entered judgment of conviction on all counts, and sentenced her to 21 months in prison on one count of fifth-degree controlled-substance crime. This appeal follows.
ISSUE
Did the district court err in determining that appellant's Fourth Amendment rights were not violated when the police officer searched her purse?
ANALYSIS
"When reviewing a district court's pretrial order on a motion to suppress evidence, [this court] review[s] the district court's factual findings under a clearly erroneous standard and the district court's legal determinations de novo." State v. Gauster , 752 N.W.2d 496, 502 (Minn. 2008) (quotation omitted). When the facts are not in dispute, as here, we review constitutional questions involving searches and seizures de novo. State v. Flowers , 734 N.W.2d 239, 248 (2007).
The United States and Minnesota Constitutions prohibit unreasonable searches and seizures, and any evidence obtained as a result of an unreasonable search or seizure must be suppressed. U.S. Const. amend. IV ; Minn. Const. art. I, § 10 ; Wong Sun v. United States , 371 U.S. 471, 484, 83 S.Ct. 407, 416, 9 L.Ed.2d 441 (1963) ; State v. Askerooth , 681 N.W.2d 353, 370 (Minn. 2004). Generally, warrantless searches are "per se unreasonable" and unconstitutional "unless one of the well-delineated exceptions to the warrant requirement applies." State v. Ture , 632 N.W.2d 621, 627 (Minn. 2001) (quotations omitted).
"A search incident to a lawful arrest is a well-recognized exception to the warrant requirement under the Fourth Amendment." State v. Bernard , 859 N.W.2d 762, 766 (Minn. 2015), aff'd sub nom. Birchfield v. North Dakota , --- U.S. ----, 136 S.Ct. 2160, 195 L.Ed.2d 560 (2016). An arrest is lawful if an officer has probable cause to believe that a person has committed a crime. In re Welfare of G.M. , 560 N.W.2d 687, 695 (Minn. 1997). The arresting officer may then search (1) the arrestee's person and (2) the area within the arrestee's immediate control. Birchfield , 136 S.Ct. at 2175 (citing Chimel v. California, 395 U.S. 752, 763, 89 S.Ct. 2034, 2040, 23 L.Ed.2d 685 (1969) ); State v. Robb , 605 N.W.2d 96, 100 (Minn. 2000).
Appellant argues that the district court erred by denying her motion to suppress evidence. Appellant contends that because her purse had been seized by the store investigator (1) it was not within the area of her immediate control and (2) it was not immediately or closely associated with her person when the responding officer searched it incident to her arrest, and therefore the search-incident-to-arrest exception does not apply. We disagree.[1]
*370 A search of the arrestee's person is fundamentally distinct from a search of the area within the arrestee's immediate control. Birchfield , 136 S.Ct. at 2175-76. A search of the area within the arrestee's immediate control is limited to "the area into which [the] arrestee might reach" in order to gain possession of a weapon or destructible evidence. Id . at 2182 (quoting Chimel , 395 U.S. at 763, 89 S.Ct. at 2040 ). An officer's authority to search that area terminates "[o]nce law enforcement officers have reduced ... personal property not immediately associated with the person of the arrestee to their exclusive control, and there is no longer any danger that the arrestee might gain access to the property to seize a weapon or destroy evidence." United States v. Chadwick , 433 U.S. 1, 15, 97 S.Ct. 2476, 2485, 53 L.Ed.2d 538 (1977), abrogated by California v. Acevedo , 500 U.S. 565, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991). In contrast, a search of the arrestee's person does not depend on the probability that weapons or evidence may be found. Birchfield , 136 S.Ct. at 2176. Rather, "the mere fact of the lawful arrest justifies a full search of the person." Id . (quotation omitted). An officer's authority to search the arrestee's person incident to a lawful arrest is absolute and requires no additional justification. Riley v. California , --- U.S. ----, 134 S.Ct. 2473, 2483-84, 189 L.Ed.2d 430 (2014) (discussing United States v. Robinson , 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973) ).
A search of the arrestee's person encompasses "personal property ... immediately associated with the person of the arrestee." Id . at 2484 (quotation omitted); Bernard , 859 N.W.2d at 771. Generally, "[a] shoulder purse is so closely associated with the person that it is identified with and included within the concept of one's person." State v. Wynne , 552 N.W.2d 218, 220 (Minn. 1996) (quotation omitted). The United States Supreme Court has noted that a search of a personal item on an arrestee's person, such as a wallet or purse, "works no substantial additional intrusion on privacy beyond the arrest itself." Riley , 134 S.Ct. at 2488-89.
The issue of whether a purse may be searched incident to a lawful arrest is settled, but the precise issue in this case, whether a purse in a suspect's possession at the time the suspect is detained by a merchant's employee remains immediately associated with the suspect's person and is subject to a search incident to the suspect's lawful arrest, appears to be one of first impression.[2] Two decisions of the Minnesota Supreme Court involving the search of a detainee's purse inform our analysis.
In State v. Wynne , police officers detained the defendant, who was carrying a purse, in the driveway of her mother's home while executing a warrant to search the home. 552 N.W.2d at 219. The officers seized the purse and brought the defendant and her purse, separately, into the home. Id . Once inside, they searched the purse, found contraband, and then arrested the defendant. Id . The Minnesota Supreme Court concluded that the officers' search of the purse constituted a search of the defendant's person. Id . at 220. Although the supreme court determined that the search-incident-to-arrest exception did not apply,[3] Wynne concluded that a purse *371 may remain immediately associated with a suspect's person, even when the purse is seized and the suspect is detained, if the suspect is in possession of the purse when detained. See id . ("[The purse] was physically taken from [the defendant].... [A] purse is ... closely associated with the person.... Thus, we conclude that the search of [the defendant's] purse constituted a search of her person and did not fall within the ambit of the premises search warrant.") (quotation omitted).
In State v. Molnau , police officers, while executing a warrant to search a home, discovered an unattended purse on a kitchen table. 904 N.W.2d 449, 451 (Minn. 2017). The purse belonged to the defendant, a guest at the home, who was sitting in the living room when the police arrived. Id . at 450-51. The officers searched the purse, found narcotics and the defendant's identification card, and then arrested the defendant. Id . at 451. The Minnesota Supreme Court determined that the search was reasonable under the warrant based, in part, on the fact that the officers did not find the purse in any person's possession and did not know to whom it belonged. Id . at 453. The supreme court also distinguished the case from Wynne , concluding that the search of the defendant's purse did not constitute a search of her person because the defendant was not in possession of the purse when the police searched it. Id . at 452. We note that in Molnau , the officers neither knew nor had reason to know that the purse was immediately associated with the defendant because she was detained in a separate room from the purse and was not in physical possession of it when the officers arrived to execute the search warrant.
Here, appellant carried her purse when detained. The investigator told the responding police officer that he saw appellant attempt to shoplift two food items by concealing them in her purse. The evidence indicates that the officer knew or had reason to know that the purse was immediately associated with appellant because she was in possession of it when detained. Appellant agrees that the officer lawfully arrested her before he searched her purse. Under these circumstances, we hold that appellant's purse remained immediately associated with her person during the detention at the store and was subject to a subsequent search incident to her lawful arrest by the officer who knew or had reason to know she had possessed it when detained. Therefore, the district court did not err in denying appellant's motion to suppress the evidence found in her purse.
DECISION
Because appellant carried a purse at the time the store investigator detained her, the purse remained immediately associated with appellant's person during the detention, and because the responding officer knew or had reason to know that appellant was in possession of her purse when detained, the officer justifiably searched it along with her person incident to appellant's lawful arrest. The district court properly denied appellant's motion to suppress because the search did not violate her Fourth Amendment rights.
Affirmed.

Because we conclude that appellant's purse was immediately associated with her person at the time of her lawful arrest and therefore subject to a search incident to her arrest, we need not reach appellant's argument concerning whether the purse was located within the area of her immediate control.

The shoplifting arrest statute, Minn. Stat. § 629.366, subd. 1 (2016), authorizes a merchant or merchant's employee to detain, but not arrest, a suspected shoplifter if the circumstances justify the detention. See State v. Childs , 269 N.W.2d 25, 27 (Minn. 1978). Appellant does not challenge the basis of her detention by the store investigator.

In Wynne , because the police lacked probable cause to arrest the defendant independent of the items found in her purse, the search-incident-to-arrest exception did not apply. Id . at 221-22. Here, appellant does not dispute the probable-cause basis of her arrest, or that the officer lawfully arrested her before searching her purse.