REILLY, Judge
Appellant Laron Isadel Hill challenges his convictions of unlawful possession of a firearm and controlled substance crimes on the grounds that (1) the district court erred by denying his motion to suppress evidence found in a personal storage locker outside of the apartment identified in the search warrant, and (2) the state was prohibited from prosecuting him on three of the four charges in the complaint, following acquittal on the first count, which he agreed could be severed from the other charges and tried first. We affirmed in part, reverse in part, and remand.
FACTS
In December 2015, a confidential reliable informant told Minneapolis police officers that appellant's roommate, W.B., sold crack cocaine in the Minneapolis area. The *240 district court authorized a daytime, announced-entry search for W.B.'s apartment in Bloomington (the premises), his vehicle, and his person. Appellant was not referenced in the application for the search warrant. Officers executed the warrant. W.B. and appellant were both present at the apartment. Officers pat-searched appellant and discovered $4,500 cash on his person. During the search of the premises, officers discovered documentation for a storage locker assigned to appellant and located in the apartment building's laundry room. The storage locker was padlocked. Officers found the padlock key in the apartment and searched the storage locker, resulting in the discovery of suspected heroin and two firearms. The state charged appellant with two first-degree controlled-substance crimes and two counts of unlawful possession of a firearm, one count for each of the two firearms. Appellant is prohibited from possessing a firearm due to a prior federal conviction of conspiracy to distribute controlled substances.
Appellant moved to suppress the evidence found during the search, arguing that the officers exceeded the scope of the warrant by pat-searching appellant and by searching his personal storage locker located outside of the apartment unit. The district court partially granted the motion and suppressed evidence seized during the pat-search, but denied the suppression motion as it pertained to evidence discovered in the storage locker. Appellant thereafter waived his right to a jury trial and agreed to a court trial on stipulated evidence on count 4, one of the two charges for unlawful possession of a firearm following a conviction or delinquency adjudication for a crime of violence. Appellant agreed to a stipulated-evidence trial to preserve the pretrial issues for appeal. See Minn. R. Crim. P. 26.01, subd. 4. The stipulated evidence included a Minneapolis Police Department report of the incident and a Bureau of Criminal Apprehension lab report for DNA analysis, but did not include a certified copy of appellant's prior conviction. Anticipating that he would be found guilty, the parties agreed that the remaining three charges would be dismissed at sentencing.
The district court acquitted appellant of count 4, unlawful possession of a firearm, determining that there was insufficient evidence to convict due to lack of proof of his ineligibility. The district court denied the state's motion to introduce additional evidence: a certified copy of appellant's prior conviction. The state then moved to reopen the case and prosecute appellant on the other three counts. The district court construed the motion as one to "continue prosecution," and granted the state's request. Appellant waived his right to a jury trial and agreed to submit count 3, the other charge for unlawful possession of a firearm, to the court for a stipulated-evidence court trial under Minn. R. Crim. P. 26.01, subd. 4. The court convicted appellant of this charge and sentenced him to 60 months in prison, concurrent with the sentence appellant was currently serving for a federal conviction. This appeal follows.
ISSUES
1. Did the district court err by denying appellant's pretrial motion to suppress evidence discovered during the search of his basement storage locker?
2. Did the district court err by determining that the state's prosecution did not violate double jeopardy?
ANALYSIS
I.
Appellant challenges the district court's denial of his motion to suppress *241 evidence obtained as a result of the search of his storage locker, arguing that his storage locker was not part of the "premises" covered by the search warrant. When reviewing a pretrial order on a motion to suppress, we review the district court's factual findings for clear error and the legal determinations de novo. State v. Milton , 821 N.W.2d 789, 798 (Minn. 2012).
The United States and Minnesota Constitutions protect an individual from "unreasonable searches and seizures" by the government. U.S. Const. amend. IV ; Minn. Const. art. 1, § 10. "A search pursuant to a warrant may not exceed the scope of that warrant." State v. Soua Thao Yang , 352 N.W.2d 127, 129 (Minn. App. 1984). "The test for determining whether a search has exceeded the scope of the warrant is one of reasonableness." Id . In determining whether the conduct of the officers executing a search pursuant to the warrant was reasonable, we review the totality of the circumstances. State v. Thisius , 281 N.W.2d 645, 645-46 (Minn. 1978).
The district court partially denied appellant's pretrial suppression motion, reasoning that although the storage locker was "physically separate" from the apartment, it was "appurtenant to the apartment and therefore inherently included as part of the premises." Courts have found that storage rooms and garages appurtenant to a premises listed in a search warrant can fall within the scope of a search warrant. See, e.g. , State v. Dreyer , 345 N.W.2d 249, 250 (Minn. 1984) (holding that garage constitutes part of "premises" described in search warrant for subject resident's apartment); see also United States v. Thompson , 690 F.3d 977, 992 (8th Cir. 2012) (affirming search of storage room located in hallway outside of apartment premises named in search warrant although search warrant did not explicitly reference storage locker where subject resident had key to storage unit on his key chain); United States v. Ware , 890 F.2d 1008, 1010-11 (8th Cir. 1989) (affirming search of locked storage room located ten feet outside of apartment premises listed in search warrant because subject resident's lease included access to room and resident possessed key).
But Dreyer , Thompson , and Ware are distinguishable from appellant's case. In those cases, the officers searched appurtenant structures belonging to the subject resident of the apartment unit for whom the search warrant was issued. Although the areas searched were physically separate from the apartment unit listed as the premises in the search warrant, the person whose apartment and conduct formed the subject and purpose of the search warrant was the person who exercised authority and control over these appurtenant areas, thus placing them within the proper scope of the search warrant. Appellant was not identified as a subject of the search in the warrant application.
Our analysis may be different if appellant's locked storage locker unit had been located inside the apartment unit itself. For example, in State v. Wills , police officers obtained a search warrant for an apartment rented by a woman allegedly selling cocaine from her apartment. 524 N.W.2d 507, 508-09 (Minn. App. 1994), review denied (Minn. Feb. 14, 1995). The woman's boyfriend sometimes lived in the apartment but was not named in the search warrant. Id . While searching the apartment unit, officers found the boyfriend's combination safe, opened it, and discovered money and cocaine inside of it. Id . On appeal, we reversed the district court's order suppressing the evidence found in the boyfriend's combination safe. Id . at 509. We determined that a search of the safe did not exceed the scope of the valid search warrant because the safe "was *242 in an apartment that was the subject of a valid search warrant and ... reasonably could have contained the items listed in the search warrant and supporting documents." Id .
Here, by contrast, appellant's locked storage unit was in a separate part of the apartment building. The documentation found in the apartment unit showed that the storage locker belonged to and was controlled by appellant only, not W.B. The search warrant was executed for W.B.'s apartment unit, W.B.'s vehicle, and W.B.'s person for the purpose of discovering evidence of W.B.'s suspected drug sales. While the key to the storage unit was located inside the apartment unit where appellant also lived, neither appellant nor evidence of any alleged criminal activity by appellant was the subject of the search warrant for W.B. And nothing in the record suggests that officers expected to find incriminating evidence against W.B. in appellant's storage locker.
On this record, we hold that the search of appellant's storage locker exceeded the four corners of the search warrant and was unreasonable. See State v. Jackson , 742 N.W.2d 163, 178 (Minn. 2007) (recognizing that evidence seized as a result of a warrant lacking particularized probable cause must be suppressed); see also United States v. Solomon , 432 F.3d 824, 827 (8th Cir. 2005) (stating that when no evidence outside of the affidavit to a search warrant is submitted to the issuing judge, "only that information which is found within the four corners of the affidavit may be considered in determining the existence of probable cause" (internal quotation marks omitted) ). We accordingly reverse the district court's order denying appellant's motion to suppress the evidence obtained as a result of the search.
II.
Because it is unclear from the record what evidence implicating appellant remains and whether or not the state will proceed with its prosecution of appellant, we next consider appellant's argument that his conviction must be reversed because the state was prohibited from prosecuting him for counts one through three of the complaint after his acquittal on the fourth count due to constitutional protections against double jeopardy. We review a claim of double jeopardy de novo. State v. Leroy , 604 N.W.2d 75, 77 (Minn. 1999).
The double jeopardy clauses of the state and federal constitutions "protect a criminal defendant from three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense." State v. Humes , 581 N.W.2d 317, 320 (Minn. 1998). Minnesota's statutory serial-prosecution protection is broader than the double jeopardy clause articulated in the United States Constitution. State v. Johnson , 273 Minn. 394, 141 N.W.2d 517, 522 (1966). The Minnesota statute provides that "if a person's conduct constitutes more than one offense under the laws of this state, the person may be punished for only one of the offenses and a conviction or acquittal of any one of them is a bar to prosecution for any other of them." Minn. Stat. § 609.035, subd. 1 (2016). Multiple prosecutions are strictly prohibited to "protect a defendant convicted of multiple offenses against unfair exaggeration of the criminality of his conduct." State v. Norregaard , 384 N.W.2d 449, 449 (Minn. 1986).
The district court concluded that continued prosecution on the remaining three charges, following acquittal on the unlawful-possession charge, did not constitute serialized prosecution in violation of the double jeopardy clauses. We *243 agree. In a bench trial, jeopardy attaches when the judge begins to receive evidence. United States v. Martin Linen Supply Co ., 430 U.S. 564, 569, 97 S.Ct. 1349, 1353, 51 L.Ed.2d 642 (1977). And "a preverdict termination of the trial as to some or all charges would bar a subsequent trial on the terminated charges unless the defendant has consented to the preverdict termination or unless the preverdict termination is based on manifest necessity." Santiago v. State , 644 N.W.2d 425, 449 (Minn. 2002) (emphasis added).
Minnesota courts have held that when a defendant pleads guilty to some of the charges in a complaint, it does not violate double jeopardy to allow the state to continue prosecuting the defendant on the remaining charges. See, e.g. , State v. Martinez-Mendoza , 804 N.W.2d 1, 13 (Minn. 2011) (citing Ohio v. Johnson , 467 U.S. 493, 501-02, 104 S.Ct. 2536, 2542, 81 L.Ed.2d 425 (1984) ); see also State v. Zuehlke , 320 N.W.2d 79, 81 (Minn. 1982) ("In such a situation if the defendant pleads guilty to the misdemeanor charge, it is he who has fragmented the prosecution and he therefore cannot complain that he is being serially prosecuted if the state continues with the prosecution of the remaining charge."); State v. Zimmerman , 352 N.W.2d 452, 455 (Minn. App. 1984) ("When a defendant requests the opportunity to plead guilty to the least serious of two charges pending in the same court, his conduct constitutes a waiver of the statutory bar on serialized prosecutions.").
Here, appellant voluntarily consented to a severance of the charges against him prior to trial when he agreed to a stipulated-evidence trial on one count, with the other counts to only be dismissed when he was sentenced following his conviction on that one count. Having consented to sever one of the four charges for separate adjudication, he cannot now claim that double jeopardy protects him against further prosecution on the remaining charges. We hold that the district court did not err by permitting the state to continue prosecuting appellant following acquittal on the unlawful-possession charge.
DECISION
We conclude that the district court erred by denying appellant's pretrial suppression motion because his storage locker was located outside of the apartment unit authorized in the search warrant and neither appellant nor his storage locker were the subject of the search warrant. We further conclude that appellant cannot show that the district court erred by determining that continued prosecution of the remaining three counts did not violate double jeopardy because appellant voluntarily consented to sever the charges in the stipulated-evidence-trial agreement. Accordingly, while we affirm the district court's conclusion that double jeopardy does not apply, we reverse the denial of appellant's suppression motion and remand for proceedings consistent with this opinion.
Affirmed in part, reversed in part, and remanded.